IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHERELL M. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-0372-CV-W-SWH |
| | ) |
| AMERISTAR CASINO, | ) |
| | ) |
| Defendant. | ) |

ORDER

The following motions are pending before the Court: (1) Request to Clerk of Court for Entry of Default of Judgement (doc. # 8); (2) Motion for Reconsideration for Appointment of Attorney (doc. # 9); and (3) Entry of Appearance and Motion for Leave to Answer or Otherwise Respond to Plaintiff's Complaint Out of Time (doc. # 10).

Plaintiff filed her Complaint (doc. #6) on July 21, 2006. On August 24, 2006, plaintiff filed a request for a default judgment claiming that defendant had failed to show good cause for its failure to timely file an answer. (Doc. # 8) Also on August 24, 2006, defendant filed an Entry of Appearance and Motion for Leave to Answer or Otherwise Respond to Plaintiff's Complaint Out of Time. Defendant requests that it be allowed to file its Answer (which is attached to the motion) out of time. Defendant contends its failure to timely file the Answer is the result of excusable neglect and was not done intentionally or in bad faith.

In reviewing the return of service, it appears that the U.S. Marshal's Office did not attempt personal service on Ameristar, but rather mailed a copy of the Complaint and requested that service

be waived in accordance with Rule 4(d)[1]. (Doc. # 7) This method of service of process requires that the defendant be allowed a reasonable time (ie. at least 30 days) to return the waiver. However, once a waiver is returned, a defendant has at least 60 days after the date on which the request for waiver of service was sent in which to answer the Complaint[2]. It appears that the request for waiver of service was sent on July 25, 2006, and that the waiver of service was received by the U.S. Marshal's Office on August 3, 2006. Pursuant to Rule 4(d), once the defendant returned the waiver of service, defendant had sixty days from the date on which the request for waiver of service was sent, or until September 23, 2006, in which to answer the Complaint. Thus, defendant could have filed its answer on August 24, 2006, without seeking leave of Court. Based upon the foregoing, it is

ORDERED that Request to Clerk of Court for Entry of Default of Judgement (doc. # 8) is denied. It is further

ORDERED that defendant's Entry of Appearance and Motion for Leave to Answer or Otherwise Respond to Plaintiff's Complaint Out of Time (doc. # 10) is denied as moot as the time to answer has not yet expired. Counsel for the defendant is given until September 23, 2006, in which to electronically file its Answer or otherwise respond to the Complaint. It is further

---

[1]The Notice and Acknowledgment form states that service is being made pursuant to Fed. R. Civ. P. 4(e)(1). However, this section is clearly inapplicable as it relates to service upon individuals. Even if service were being attempted under Fed. R. Civ. P. 4(h)(1), in the Court's view, the "Acknowledgment of Receipt of Summons and Complaint" signed by a representative of Ameristar is equivalent to signing a waiver of service of summons as the document acknowledges the party's agreement that personal service is not required.

[2]Although the preprinted form used by the United States Marshal's Office appears to require an answer in 20 days, in the Court's view, this form cannot restrict the time limits provided by Fed. R.Civ. P. 4(d)(3).

ORDERED that for the reasons set forth in the Court's initial order denying the request for appointment of counsel, plaintiff's Motion for Reconsideration for Appointment of Attorney (doc. # 9) is denied.

      /s/     *Sarah W. Hays*
      SARAH W. HAYS
      UNITED STATES MAGISTRATE JUDGE